MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District    GUAM | |
|---|---|---|
| Name of Movant   Richard Sanchez Corbilla | Prisoner No.   01906-093 | Case No. CR-99-00102 |

| Place of Confinement | |
|---|---|
| Federal Prison Camp, P.O. Box 6000, Sheridan, Oregon   97378 | CV 04-00052 |

| UNITED STATES OF AMERICA | V. | RICHARD SANCHEZ CORBILLA |
|---|---|---|
| | | (name under which convicted) |

### MOTION

**FILED**

DISTRICT COURT OF GUAM

DEC 27 2004

MARY L.M. MORAN
CLERK OF COURT

1. Name and location of court which entered the judgment of conviction under attack

    United States District Court
    District Court of Guam
    Hagatna, Guam 96910

2. Date of judgment of conviction

    January 15, 2001

3. Length of sentence

    57 Months

4. Nature of offense involved (all counts)

    21 U.S.C. § 952; Importation of A Controlled Substance

5. What was your plea? (Check one)
   (a) Not guilty    ☐
   (b) Guilty    XXX
   (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☐    N/A
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes   ☐    No ☐    N/A

8. Did you appeal from the judgment of conviction?
   Yes   ☐    No XXX

9.  If you did appeal, answer the following:

    **N/A**

    (a) Name of court

    (b) Result

    (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes  ☐        No **XXX**

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court          **N/A**

        (2) Nature of proceeding

        (3) Grounds raised

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
            Yes  ☐      No  ☐

        (5) Result

        (6) Date of result

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court          **N/A**

        (2) Name of proceeding

        (3) Grounds raised

(3)

(4) Did you receive an evidentiary hearing on your petition, application or motion?

    Yes  ☐     No ☐

**N/A**

(5) Result

(6) Date of result

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

    (1) First petition, etc.         Yes ☐     No ☐    **N/A**

    (2) Second petition, etc.     Yes ☐     No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

**N/A**

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: **DEFENDANT IS CONVICTED OF AN OFFENSE WHICH IS NON-EXISTENT.**

Supporting FACTS (state *briefly* without citing cases or law):

**SEE SUBPARAGRAPH 7(c) and 7(d) OF THE PLEA AGREEMENT FILED IN THIS PROCEEDINGS ON AUGUST 12, 1999. A TRUE COPY OF PAGES 5 AND 6 OF THE PLEA AGREEMENT ARE ATTACHED HERETO.**

B. Ground two:

**N/A**

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three: **N/A**

Supporting FACTS (state *briefly* without citing cases or law):

(5)

D.  Ground four:                **N/A**

Supporting FACTS (state *briefly* without citing cases or law):

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

**SEE ATTACHED PAGE**

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes    ☐       No ☒☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)  At preliminary hearing      **N/A**

(b)  At arraignment and plea      **MR. BASIL JAMES O'MALLAN III**

(c)  At trial      **N/A**

(d)  At sentencing      **[SAME AS ABOVE]**

(e)  On appeal                    **N/A**

(f)  In any post-conviction proceeding                    **N/A**

(g)  On appeal from any adverse ruling in a post-conviction proceeding

**N/A**

16.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes   ☐     No X̶X̶X

17.   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes   ☐     No X̶X̶X̶

(a)  If so, give name and location of court which imposed sentence to be served in the future:

**N/A**

(b)  Give date and length of the above sentence:

**N/A**

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☐          **N/A**

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
Date

_____
Signature of Movant

## ATTACHED PAGE

13.     The ground listed in 12A was not previously presented, because at the time of the entry of the judgment, and for more than 10 days thereafter, that is to say, until June 6, 2003, the ground listed in 12A was foreclosed by circuit law in that it was the settled law of this circuit that all the government need show for a finding of importation is that the controlled substance entered the United States from international waters or airspace. (*United States v. Cabaccang*, 332 F.3d 622, 634 (9th Cir. 2003)(en banc), *clarified*, 341 F.3d 905 (9th Cir. 2003).)  On June 6, 2003 (*Cabaccang*, 332 F.3d at 622 ("Filed June 6, 2003")),  the court of appeals for this circuit changed the law by overruling the foregoing law of this circuit and holding that the transport of a controlled substance through international airspace on a flight from one United States location to another United States location does not constitute the offense of importing a controlled substance into the United States from a place outside thereof. (*Cabaccang*, 332 F.3d at 635 ("we hold that the transport of drugs through international airspace on a nonstop flight from one United States location to another does not constitute importation within the meaning of [21 U.S.C.] § 952(a)").)

COPY

1 | rcorbilla.ple

2 | FREDERICK A. BLACK
United States Attorney
3 | MARIVIC P. DAVID
Assistant U.S. Attorney
4 | Suite 502-A, Pacific News Bldg.
238 Archbishop Flores Street
5 | Agana, Guam 96910
Telephone: (671) 472-7332/7283
6 | Telecopier: (671) 472-7334

FILED
DISTRICT COURT OF GUAM

AUG 1 2 1999

MARY L.M. MORAN
CLERK OF COURT

7 | Attorneys for United States of America

8

9 | **IN THE UNITED STATES DISTRICT COURT**

10 | **FOR THE TERRITORY OF GUAM**

11

12 | CRIMINAL CASE NO. 99-00102

13 | UNITED STATES OF AMERICA,     )
                                  )
14 |             Plaintiff,       )
                                  )
15 |     vs.                      )     **PLEA AGREEMENT**
                                  )
16 | RICHARD SANCHEZ CORBILLA,     )
                                  )
17 |             Defendant.       )
    | _____)

18

19 |     Pursuant to Rule 11(e)(1)(B), the United States and the

20 | defendant, RICHARD SANCHEZ CORBILLA, enter into the following

21 | plea agreement:

22 |     1. The defendant, RICHARD SANCHEZ CORBILLA, agrees to waive

23 | indictment pursuant to Federal Criminal Procedure Rule 7(b), and

24 | enter a guilty plea to an Information charging him with

25 | Conspiracy to Import Crystal Methamphetamine a/k/a "ice" in

26 | excess of 100 grams, in violation of Title 21, United States

27

28

1

Code, Sections 952(a), 960, and 963, and Title 18, United States Code Section 2.

2. The defendant, RICHARD SANCHEZ CORBILLA, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of the importation, possession, and distribution of controlled substances and related unlawful activities, including the disposition of profits from and assets relating to such activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings against any other co-conspirators if called upon to do so for the United States, subject to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses now known to the government or which he reveals to Federal authorities.

3. The defendant, RICHARD SANCHEZ CORBILLA, understands and agrees that any and all assets or portions thereof acquired or obtained by him as a direct or indirect result of illegal trafficking in drugs or used to facilitate such illegal activity shall be surrendered to the United States or any lawful agency as

- 2 -

may be directed by the Court. The assets to be surrendered
include, but are not limited to, cash, stocks, bonds,
certificates of deposit, personal property and real property.

4. The defendant, RICHARD SANCHEZ CORBILLA, further agrees
to submit to a polygraph examination by any qualified Federal
polygraph examiner if called upon to do so by the government.
The defendant understands that such polygraph examinations may
include, but will not be limited to, his knowledge of or
involvement in unlawful drug related activities, his knowledge of
others' involvement in such activities, and the identification of
any and all assets and conveyances acquired in whole or in part
by the defendant or others through unlawful drug related
activities or the use of such assets or conveyances to further
such unlawful activities. Defendant understands that the
government will rely on the polygraph in assessing whether he has
been fully truthful.

5. The defendant, RICHARD SANCHEZ CORBILLA, understands
that the maximum sentence for Conspiracy to Import Crystal
Methamphetamine a/k/a "Ice" in excess of 100 grams is
incarceration for life and a $4,000,000 fine. In addition, there
is a minimum mandatory term of ten (10) years of incarceration
which may not be stayed or suspended by the court. Any sentence
imposed shall include a term of supervised release of at least
five (5) years in addition to such terms of imprisonment, as well
as such restitution as the court may order and a $100.00 special
assessment fee. Defendant also understands a sentence of
supervised release could be revoked during the terms of such
supervised release, thereby resulting in the additional

- 3 -

incarceration of defendant for five (5) years.    The $100 special
assessment fee must be paid prior to or immediately upon
sentencing.

If defendant cooperates as set forth in Paragraphs 2, 3, and
4, the government will recommend that defendant receive the
minimum term of incarceration legally available under the
applicable statutes and Sentencing Guidelines.  In addition, if
defendant provides full, truthful, and substantial assistance to
investigating federal agencies, the government will move the
Court, as provided by USSG 5K1.1, and 18 U.S.C. § 3553(e), for a
downward departure from the Guidelines and the statutory minimum
sentence.  Defendant understands that "substantial assistance"
encompasses such significant and useful assistance directed to
the investigation and prosecution of the criminal activities of
other persons, as is set forth by USSG 5K1.1.  Defendant also
understands that the decision whether to depart from the
Guidelines, and to what degree, is within the discretion of the
sentencing judge. If defendant does not fully cooperate as set
forth in Paragraphs 2, 3, and 4, the government will recommend
that defendant receive a term of incarceration within the range
recommended by the Sentencing Guidelines.

The government will recommend a fine within the Sentencing
Guidelines range.  If defendant is financially unable to
immediately pay the fine in full, defendant agrees to make a full
disclosure of his financial status to the United States
Attorney's Office by completing a Financial Disclosure Form (OBD-
500) for purpose of fixing a monthly payment schedule.  Defendant

- 4 -

understands that, by law, interest accrues on any remaining balance of the debt.

6. The defendant understands that to establish a violation of Conspiracy to Import Crystal Methamphetamine a/k/a "Ice", the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about June 1999 and ending July 29, 1999, there was an agreement between the defendant and at least one other person to import or cause to import crystal methamphetamine a/k/a "ice" in excess of 100 grams into Guam from elsewhere; and

Second, the defendant became a member of the conspiracy knowing of its object to import crystal methamphetamine a/k/a "ice" in excess of 100 grams into Guam, and intending to accomplish it.

7. The defendant understands that the sentencing guidelines apply to this offense. The government and the defendant stipulate to the following facts for purposes of the sentencing guidelines:

a. The defendant was born on December 17, 1967, and is a citizen of the United States.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.8 of

- 5 -

the sentencing guidelines, this information should not be used in determining the applicable guidelines range.

c. Beginning June 1999 and continuing to July 29, 1999, the Defendant participated in a conspiracy with others to import crystal methamphetamine a/k/a "ice" from elsewhere, including the Philippines and the continental United States, into Guam for purposes of distribution and profit. During the conspiracy the defendant met Rudy Rivera and, upon his and others' instructions, picked up mail parcels that contained "ice" and were addressed from California to postal facilities in Guam. The Defendant was aware that others had previously arranged to send "ice" to Rudy Rivera via mail parcels. On July 30, 1999, the Defendant knowingly picked up a mail parcel containing "ice" that was sent to a mail box in Dededo, Guam, and Rudy Rivera gave him the key to said mail box. It was an express mail parcel addressed to a Richard Reyes, Chalan Baloko St., Box 892 Machanao, Dededo, Guam, and from a Ricky Ramirez, 20510 S. Leapwood Ave., Carson, CA. 90746. The parcel contained five ziplock bags of "ice," and its total gross weight, including packaging, was 661.1 grams. Previously in June 1999, the Defendant also picked up a mail parcel containing "ice" upon Rudy's instructions. In exchange for his assistance, the Defendant received money and quantities of "ice".

d. Pursuant to USSG Section 1B1.3, the parties agree and stipulate that the total amount of crystal methamphetamine a/k/a "ice" attributable to the Defendant as relevant conduct which may be considered for sentencing purposes in this case is

- 6 -

the net weight, exclusive of packaging, after laboratory analysis, of the above-referenced "ice" that was imported and discovered in an express mail parcel on July 27, 1999, and which the Defendant intended to pick up on or about July 30, 1999.

e. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

8. The defendant agrees to waive any right to appeal or to collaterally attack this conviction. The defendant reserves the right to appeal the sentence actually imposed in this case.

9. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of the bringing of such charges. However, such waiver shall not apply to any offense for which a defense, objection or motion would have been applicable at the time defendant entered his plea of guilty.

- 7 -

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

b. His right to be represented by an attorney;

c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

- 8 -

g. That he has read the plea agreement and understands it.

h. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: _8/11/99_

_____
RICHARD SANCHEZ CORBILLA
Defendant

DATED: _8/11/99_

_____
J. BASIL O"MALLAN
Attorney for Defendant

FREDERICK A. BLACK
United States Attorney
Districts of Guam and CNMI

DATED: _8-11-99_          By:

_____
MARIVIC P. DAVID
Assistant U.S. Attorney

- 9 -

# United States District Court
## District of Guam

U.S.A.

VS.

## CORBILLA, RICHARD SANCHEZ

### THE DEFENDANT:

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number:   99-00102 -001

O'MALLAN, JAMES BASIL III
Defendant's Attorney

F I L E D
DISTRICT COURT OF GUAM

JAN 2 2 2002

MARY L.M. MORAN
CLERK OF COURT

- [✓] pleaded guilty to count(s)  1
- [ ] plead nolo contendere to count(s) which was accepted by the court.
- [ ] was found guilty on count(s) after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 952 | CONTROLLED SUBSTANCE - IMPORT | 07/29/99 | 1 |

The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s)
- [ ] Count(s)                                    (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of y change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this gment are fully paid.

endant's Soc. Sec. No.:   586709734

endant's Date of Birth:   12/17/67

endant's USM No.:   01906093

endant's Residence Address:

24 South Mariposa Court
iguan Terrace
adedo, Guam  96929

endant's Mailing Address:

.O. Box 11448
.go, Guam  96929

01/15/ 2001

Date of Imposition of Judgment

Signature of Judicial Officer

John S. Unpingco
U.S. District Court Judge

Name and Title of Judicial Officer

JAN 2 2 2001

Date

Defendant: CORBILLA, RICHARD SANCHEZ
Case Number: 99-00102 -001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **57 Month(s).**

The court makes the following recommendations to the Bureau of Prisons:

**While imprisoned the defendant shall particiapte in a substance abuse treatment program approved by the Bureau of Prisons.**

The defendant shall surrender to the United States Marshal for this district as notified by the United States Marshal.

# RETURN

have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Defendant:*    CORBILLA, RICHARD SANCHEZ

Case Number:    99-00102 -001

# SUPERVISED RELEASE

pon release from imprisonment, the defendant shall be on supervised release for a term of  _60_ **months.**

ne defendant shall report to the probation office in the district to which the defendant is released within 72 hours of
lease from the custody of the Bureau of Prisons.

ne defendant shall not commit another federal, state, or local crime.

ne defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one
> drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by
> the probation officer.
>
> ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses
>    a low risk of future substance abuse.

☐ The defendant shall not posess a firearm as defined in 18 U.S.C. § 921.

his judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the
fendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release
accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

e defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The
fendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

the defendant shall not leave the judicial district without the permission of the court or probation officer;
the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first
five days of each month;
the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
the defendant shall support his or her dependents and meet other family responsibilities;
the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or
other acceptable reasons;
the defendant shall notify the probation officer ten days prior to any change in residence or employment;
the defendant shall refrain from excessive use of alcohol;
the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person
convicted of a felony unless granted permission to do so by the probation officer;
) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit
confiscation of any contraband observed in plain view of the probation officer;
) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law
enforcement officer;
) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcemenet agency
without the permission of the court;
) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the
defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such
notifications and to co

Defendant:     CORBILLA, RICHARD SANCHEZ

Case Number:     99-00102 -001

# ADDITIONAL SUPERVISED RELEASE TERMS

Defendant shall refrain from the use of any and all alcoholic beverages.

Defendant shall submit to one urinalysis test within 15 days of release from custody and to two more urinaylsis thereafter.

Defendant shall not use or possess illegal controlled substances.

Defendant shall participate in a substance abuse treatment program appoved by the U.S. Probation Office for the treatment and detection of drug and alcohol dependency which will include testing for the detection of drug and alcohol use or abuse. It is further ordered that he make co-payment for treatment at a rate to be determined by the U.S. Probation Office.

Defendant shall obtain and maintain gainful employment.

Defendant shall perform 400 hours of community service.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set in the Schedule of Payments page of this order, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $ 100.00 | $ 0.00 | $ 0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement.......... $ 0.00

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ 0.00 .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Page 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is waived as follows:

# RESTITUTION

☐ The determination of restitution is deferred until _/ /_ . an Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

| | Totals: | $ 0.00 | $ 0.00 |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after ...

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

[✓] in full immediately; or

[ ]      immediately, balance due (in accordance with C, D, or E); or

[ ] not later than  / /      ;

[ ] in installments to commence      day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

[ ] in      installments of      over a period of      year(s) to commence      day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**during the term of imprisonment**

] The defendant shall pay the cost of prosecution.

] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalty payments, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program are made as directed by the court, the probation officer, or the United States

Defendant:    CORBILLA, RICHARD SANCHEZ

Case Number:    99-00102 -001

# STATEMENT OF REASONS
### (Not for Public Disclosure)

[✓] The court adopts the factual findings and guideline application in the presentence report.

## OR

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:    <u>25</u>

Criminal History Category:    <u>I</u>

Imprisonment Range:    <u>57</u> TO <u>71</u> MONTHS

Supervised Release Range:    <u>0</u> TO <u>60</u> MONTHS

Fine Range:    $ <u>10,000.00</u> TO    $ <u>4,000,000.00</u>

[✓] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ <u>0.00</u>

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

[ ] Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

[✓] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

## OR

[✓] The sentence departs from the guideline range:

[✓] upon motion of the government, as a result of defendant's subtantial assistance.

[ ] for the following specific reason(s):