DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| RICHARD SANCHEZ CORBILLA, | Criminal Case No. 99-00102 |
| Defendant-Petitioner, | Civil Case No. 04-00052 |
| vs. | |
| UNITED STATES OF AMERICA, | ORDER |
| Plaintiff-Respondent. | |

Petitioner Richard Sanchez Corbilla ("Corbilla") filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion"). The Petitioner claims that in light of the Ninth Circuit's decision in *United States v. Cabaccang*, 332 F.3d 622, *clarified by* 341 F.3d 905 (9th Cir. 2003) (en banc) his conviction is invalid. Finding no basis for the relief as requested, the Court DENIES the petitioner's motion.

## BACKGROUND

On August 12, 1999, Corbilla pled guilty to one count of Conspiracy to Import Crystal Methamphetamine, in violation of 21 U.S.C. § 952(a) and § 963. At the time of his plea, Corbilla stipulated to facts contained in his plea agreement that he "participated in a conspiracy with others to import crystal methamphetamine a/k/a 'ice' from elsewhere, including the Philippines and the continental United States, into Guam for purposes of distribution and profit."[1] On January 15, 2002, the Court sentenced Corbilla to fifty-seven (57) months imprisonment. The judgment of conviction was entered on the docket on January 22, 2002. Corbilla did not file a notice of appeal within ten

---

[1] *See*, Plea Agreement at ¶ 7, Docket No. 3.

(10) days after entry of the Court's judgment. His conviction became final on February 1, 2002.[2] *See*, FED R. APP. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2000) (holding a conviction is final if a notice of appeal is not filed within ten (10) days). Thereafter, Corbilla, *pro se* and incarcerated, brought this Motion pursuant to 28 U.S.C. § 2255 on December 27, 2004[3], requesting the Court to vacate his conviction and sentence.[4] *See*, Docket No. 31.

## ANALYSIS

28 U.S.C. § 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a court.[5] *See, United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). Since such a challenge calls into question a conviction's finality, collateral relief is an extraordinary remedy that should only be granted when a fundamental defect could have resulted in a complete miscarriage of justice, or the rudimentary rules of fair procedure were not followed. *United States v. Timmreck*, 441 U.S. 780, 783, 99 S. Ct. 2085, 2087 (1979).

Corbilla claims that his conviction is invalid in light of the *Cabaccang* decision. In *Cabaccang*, the Ninth Circuit held that transportation of a controlled substance through international airspace on a nonstop flight from one United States location to another (including U.S. territories)

---

[2] Due to a clerical error, the Judgment actually reflected that Corbilla was guilty of the offense of importation of controlled substance in violation of 21 U.S.C. § 952(a). However, it is clear upon review of record, that in fact, Corbilla pled guilty to Conspiracy to Import Crystal Methamphetamine, in violation of 21 U.S.C. §§ 952(a) and 963 and that the Court sentenced him for that offense. *United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir.1988) ("It is the words pronounced by the judge at sentencing, not the words reduced to writing in the judge's Judgment/Commitment Order, that constitute the legal sentence."). Accordingly, the clerical error has no effect on the petitioner's present motion before the Court. The Judgment has since been amended pursuant to FED. R. CRIM. P. 36. *See*, Docket No. 33.

[3] On March 21, 2005 Petitioner filed a second motion to conform with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255. *See*, Docket No. 32.

[4] The defendant also filed an Application to Proceed without Prepayment of Fees and requested an Appointment of Counsel. *See*, Docket Nos. 31 and 32, respectively. The Court finds that since it is disposing of the case on its merits, these requests are moot and will not be further considered.

[5] The statute states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

does not constitute importation as prohibited by 21 U.S.C. § 952(a). Corbilla argues that he now stands convicted of an offense which is "non-existent" in light of the *Cabaccang* decision. Specifically, Corbilla contends that *Cabaccang* created a change in "the law by overruling the foregoing law" of the Ninth Circuit regarding what constituted importation under 21 U.S.C. § 952(a). *See,* Motion at Attachment, Docket No. 32. Corbilla states that because the facts surrounding his conviction are virtually identical to those found in the *Cabaccang* case his conviction should be vacated. Corbilla is mistaken, the conspiracy forming the substance of Corbilla's conviction involved importation from the Philippines in addition to transportation of drugs from the United States, rendering *Cabaccang* inapplicable. *See,* Plea Agreement at 6, Docket No. 3.

## CONCLUSION

Based upon the foregoing, the Court finds that the relief sought is inappropriate under the facts of the case to which the Petitioner stipulated at the time of the plea. Accordingly, the Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is DENIED.

**SO ORDERED** this _8_ day of June, 2005.

---
RICARDO S. MARTINEZ*
United States District Judge

Notice is hereby given that this document was entered on the docket on _6-8-05_.
No separate notice of entry on the docket will be issued by this Court.
    Mary L. M. Moran
    Clerk, District Court of Guam
By:_____ _6-8-05_
    Deputy Clerk / Date

---

* The Honorable Ricardo S. Martinez, United States District Judge for Western Washington, by designation.